**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF  ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBIN MEADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| MORAINE VALLEY COMMUNITY COLLEGE, | ) | Plaintiff Demands Trial by Jury |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

NOW COMES Plaintiff, ROBIN MEADE, by her attorneys, and complaining of MORAINE VALLEY COMMUNITY COLLEGE, states as follows:

### COUNT I

### RETALIATION FOR THE EXERCISE OF
### RIGHTS OF FREEDOM OF SPEECH

1. This action arises under First and Fourteenth Amendments to the United States Constitution, as made applicable to the Defendant MORAINE VALLEY COMMUNITY COLLEGE ("MORAINE VALLEY") by the due process clause of the Fourteenth Amendment thereto, under §1983 and 1988(b) and ( c) of Title 42 of the United States Code, and under Sections 2 and 4 of  Article 1 and Section 7 of Article 7 of the Illinois Constitution of 1970.

2.    This Court has jurisdiction over the subject matter of this action under Sections 1331 and 1343(a)(3) and (4) of Title 28 of the United States Code because this action arises under the Constitution and laws of the United States and because it is brought to redress the deprivation of Plaintiff's constitutional rights and to secure equitable and monetary relief under a federal civil rights statute.

3.    Venue is proper in this Court because all events and omissions giving rise to this action occurred (or will occur) and all of the property involved in this action is situated within the Northern District of Illinois and because the Defendant is located within the Northern District of Illinois.

4.    Plaintiff, ROBIN MEADE ("Plaintiff"), is a citizen of the United States, residing in Cook County, Illinois.  She entered into a written employment agreement with Defendant MORAINE VALLEY as an adjunct faculty member to teach classes at the College for the first semester of the 2013-14 school year, with the further understanding that she would also teach classes at the school during the second semester of that year.   A copy of the written employment agreement between Plaintiff and Defendant is attached hereto as Exhibit "A" and incorporated herein.

5.    Defendant, MORAINE VALLEY   (hereinafter "Moraine"), is a public community college, a political subdivision of the State of Illinois whose authority to act is governed and limited by the statutes of the State of Illinois, and the Illinois Constitution.

6.    Plaintiff is president of Moraine Valley Adjunct Faculty Organization ("MVAFO"), a labor organization certified by the Illinois Educational Labor Relations Board as bargaining representative of adjunct faculty members employed by the MORAINE VALLEY.

7.    In November 2012, Plaintiff was requested by an officer of Moraine Valley Community College to prepare a letter in her capacity as President of the MVAFO supporting MORAINE VALLEY's affiliation with the League for Innovation in the Community

2

College ("The League"), an international organization committed to improving community colleges through innovation, experimentation, and institutional transformation. The League states that it serves nationally and internationally as a catalyst, project incubator, and experimental laboratory for community colleges around the world.

8.    Plaintiff declined to write the letter which MORAINE VALLEY requested of her.

9.    The members of the MVAFO conferred and formulated a position regarding MORAINE VALLEY and The League. On August 20, 2013, in her capacity as President of the MVAFO, Plaintiff wrote a letter which she sent only to the Board Members of The League, setting forth the position the MVAFO membership had formulated regarding MORAINE VALLEY's affiliation with The League. A copy of that communication is attached hereto as Exhibit "B" and incorporated by reference herein.

10.   Plaintiff's action in communicating with The League on behalf of the collective bargaining unit of which she is the president was on a matter of public interest and importance, not only to the members of MVAFO, but to the League, and members of the public in general.

11.   In sending this communication to The League, Plaintiff was exercising her rights to comment on matters of public interest protected by both the First Amendment to the United States Constitution and by Article I, Sections 4 and 5 of the Illinois Constitution.

12.   On August 22, 2013 Andrew DUREN, Executive Vice President of MORAINE VALLEY wrote a memorandum to Plaintiff terminating her employment. A copy of that letter is attached hereto as Exhibit "C" and incorporated by reference as though fully set forth herein.

13.   All of the statements within that memorandum from DUREN to Plaintiff were false, and were known to be false when he wrote that memorandum, including the following assertions:

3

    A. "Your letter goes far beyond what could be considered responsible advocacy on behalf of the Moraine Valley Adjunct Faculty Association."

    B. "In reality, it is a personal attempt to falsely discredit MORAINE VALLEY and undermine the College's relationship with the League."

    C. "Your conduct is disruptive and not consistent with the best interests of the College."

14.    The action terminating Plaintiff's was taken solely for the purpose of retaliating against Plaintiff for having exercised her right to discuss the actions and conduct of MORAINE VALLEY and to properly represent the members of the MVAFO.

15.    The termination of Plaintiff's employment has caused, and will continue to cause direct economic harm to Plaintiff.

16.    In a continuation of its retaliation against Plaintiff for having exercised her right to freedom of speech, Defendant has issued an "Official notice" to Plaintiff forbidding her from appearing on the campus of MORAINE VALLEY, and has threatened to arrest her if she appears on those premises for issues other than her own labor issues. A copy of the notification to Plaintiff of such threats is attached hereto as Exhibit "D" and incorporated by reference herein.

17.    Defendant knew that forbidding Plaintiff from appearing on the campus of MORAINE VALLEY interferes with Plaintiff's duties as president of MVAFO, and prevents her from properly carrying out those duties, and depriving the MVAFO and its members of Plaintiffs' services as its President.

18.    Defendant's actions forbidding Plaintiff from setting foot on the campus of MORAINE VALLEY is for the sole purpose of continuing to harass and penalize her for having exercised her constitutionally protected rights.

19.    The actions of Defendant against Plaintiff have inhibited and intimidated other members of the MVAFO from speaking out in a proper and appropriate manner to discuss matters

involving the operation of MORAINE VALLEY.

20.     As a direct and proximate result of Defendant's actions, Plaintiff's ability to carry out her functions as President of the MVAFO has been compromised.  She is also suffering actual, consequential, and other damages, including irreparable harm resulting from her banishment from MORAINE VALLEY's campus, emotional and mental anguish.

21.     Plaintiff is entitled injunctive relief preventing Defendant from barring Plaintiff from access to the campus of MORAINE VALLEY, or taking further retaliatory action against her, as well as actual and punitive damages against Defendant for the violation of her rights protected under the First Amendment to the United States Constitution and the Illinois Constitution, as well as her attorneys' fees.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief against Defendant MORAINE VALLEY COMMUNITY COLLEGE:

A.   Declare the actions taken against Plaintiff by Defendant to be violative of the aforementioned federal and state constitutional provisions.

B.   Issue a Temporary Restraining Order preventing Defendant and all those in concert with it from continuing to bar Plaintiff from the campus of MORAINE VALLEY COMMUNITY COLLEGE, or taking any other action against Plaintiff in retaliation for her exercise of her constitutional rights, and after hearing, temporarily and permanently enjoin Defendant from penalizing Plaintiff in any way for her having exercised her constitutional rights.

C.   Award Plaintiff her attorney's fees and costs as authorized by law pursuant to 42 U.S.C. §1988.

D.   Award Plaintiff monetary damages in an amount sufficient to compensate her for the damages and injuries she has suffered as a result of the actions of Defendant;

E.   Award Plaintiff such other and further relief as this Court deems fit, just, and equitable.

5

## COUNT II

## VIOLATION OF DUE PROCESS

22.     Plaintiff incorporates and realleges as though fully set forth herein the allegations of paragraphs 1 through 16 above as the allegations of this Paragraph 22.

23.     Plaintiff's contract for employment for the first semester of the 2013-14 school year was property belonging to Plaintiff.

24.     Defendant was constitutionally required to provide to Plaintiff reasons sufficient to warrant a termination of her employment, and a meaningful hearing before an impartial decision-maker where she would be able to respond to such charges prior to depriving her of her property right in her employment contract.

25.     At no time did Defendant  provide Plaintiff with an opportunity to be heard in a meaningful time and manner regarding her abrupt termination as an employee of MORAINE VALLEY.

26.     These actions of Defendant violated Plaintiff's rights to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, as well as the Illinois Constitution.

27.     As a direct and proximate result of the acts alleged herein, in addition to the loss of salary from her employment with MORAINE VALLEY,  Plaintiff's ability to obtain employment within her chosen field of school teaching has been compromised.  She is also suffering actual, consequential, and other damages, in addition to irreparable harm to her reputation, including emotional and mental anguish as a result of the actions of Defendant.

WHEREFORE, Plaintiff prays that this Court grant her the following relief:

A.  Award her compensatory damages in an amount to be proven at trial;

B.  Award her punitive damages in an amount to be proven at trial.

C.   Award to Plaintiff her costs and expenses incurred herein, including attorneys fees

pursuant to 42 U.S.C. §1988; and

    D.  Award her such other and further relief that this Court deems just and proper.


**COUNT III**

**VIOLATION OF ILLINOIS PUBLIC POLICY**

28.    Plaintiff incorporates and realleges as though fully set forth herein the allegations of paragraphs 1 through 16 above as the allegations of this Paragraph 28.

29.    The Illinois Personnel Record Review Act, 820 ILCS 40/9 provides that "an employer shall not gather or keep a record of an employee's associations, political activities, publications, communications or nonemployment activities, unless the employee submits the information in writing or authorizes the employer in writing to keep or gather the information."

30.    The Illinois Educational Labor Relations Act, 115 ILCS 5/14, makes it an unfair labor practice for an employer to take any action restraining or coercing employees in the exercise of the rights guaranteed under this Act or interfering with the formation, existence or administration of any employee organization.

31.    The statutes alleged herein set forth the public policy of the State of Illinois, forbidding Defendant from gathering and keeping records of Plaintiff's activities, associations, publications, communications and nonemployment activities, and from interfering with actions taken by Plaintiff in her position as an officer of a collective bargaining representative representing MORAINE VALLEY'S employees.

32.    In terminating Plaintiff's employment, Defendant has acted willfully and wantonly.

33.    As a direct and proximate result of the acts alleged herein, Plaintiff's ability to act in her position as President of MVAFO and obtain employment within her chosen field of school teaching has been compromised.  She is  also suffering actual, consequential, and

other damages, in addition to irreparable harm, including emotional and mental anguish.

WHEREFORE, Plaintiff prays that this Court grant her the following relief:

A.   Award her compensatory damages in an amount to be proven at trial;

B.   Award her punitive damages in an amount to be proven at trial;

C.   Award her costs and expenses incurred herein, including attorneys fees pursuant to 820 ILCS §40/12; and

D.   Award her such other and further relief that this Court deems just and proper.


                                        S/Wayne B. Giampietro


                                        Plaintiff's attorney

Of counsel:
Poltrock & Giampietro
123 W. Madison St., Suite 1300
Chicago, Illinois  60602
312 236 0606; Fax 312 236 6492
wgiampietro@wpglawyers.com
ARDC # 0947776