IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBIN MEADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 7950 |
| | ) |
| MORAINE VALLEY COMMUNITY COLLEGE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Plaintiff Robin Meade's (Mead) motions in limine, and on Defendant Moraine Valley Community College's (College) motions in limine. For the reasons stated below, Meade's motions in limine are denied and the College's motions in limine are granted.

The court notes at the outset that this court granted the College's motion to dismiss, and on appeal, the Seventh Circuit found that this court should not have dismissed this action, and remanded this action for further proceedings. The Seventh Circuit stated that "[a]lthough Meade may not pursue a due process claim based on the deprivation of a liberty interest, she ha[d] pleaded enough to go forward on the theory that the college deprived her of a protected property interest" and that "[s]he ha[d] also stated a claim for retaliation in violation of her First Amendment rights."

1

*Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 688 (7th Cir. 2014). This court's ruling on the motions in limine is based upon the evidence before this court at this juncture.

I.  Meade's Motions in Limine

Meade has filed five motions in limine.

    A.  Matter of Public Interest (Motion in Limine 1)

Meade requests in her motion in limine 1 that the court bar the College from arguing that the letter at issue in this case (Letter) merely involved "workplace gripes" and was not a matter of public interest. (M Mem. 2). Meade argues that the Seventh Circuit, in remanding this case, "already ruled on this issue." (P Reply 1). In denying the parties' cross motions for summary judgment, this court noted that the Seventh Circuit stated that "it is difficult to see how any part of" the discussion in the Letter "could be considered purely personal to Meade, or of zero interest to the public." *Meade*, 770 F.3d at 685. After the remand, this court in ruling on the motions for summary judgment stated that although the Seventh Circuit has indicated that at the pleadings stage the content factor favors Meade, the Seventh Circuit did not hold that factor to be dispositive on the matter of public concern determination. The Seventh Circuit found that this court erred in dismissing the instant action at the initial pleadings stage, based on the limited record before the Court. Whether the Letter involved a matter of public concern has not been resolved as a matter of law

2

by this court or the Seventh Circuit and is still a question for the jury to decide. Therefore, Meade's motion in limine 1 is denied.

### B. Knowingly False or Reckless Disregard (Motion in Limine 2)

Meade requests in her motion in limine 2 that the court bar the College from arguing that its officers had a reasonable belief that the Letter was knowingly false or prepared with reckless disregard for the truth. In denying the parties' cross-motions for summary judgment, this court has already held that the College can pursue certain defenses such as that the College reasonably believed that the Letter was knowingly false or prepared by Meade with reckless disregard for the truth of the various charges. (3/3/16 MO: 10). Meade has not shown that the court erred in its prior ruling. Therefore, Meade's motion in limine 2 is denied.

### C. Waiver of Due Process Rights (Motion in Limine 3)

Meade requests in her motion in limine 3 that the court bar the College from arguing that she waived her due process rights by not appearing at her *Loudermill* hearing. In denying the parties' cross-motions for summary judgment, this court held that there is not sufficient evidence in the record to conclude as a matter of law whether Meade justifiably failed to appear at the meeting or whether the meeting would have accorded adequate due process to Meade. (3/3/16 MO: 14-15). Meade has not shown that the court erred in its prior ruling. Therefore, Meade's motion in limine 3 is denied.

### D. Cure of Due Process Violations (Motion in Limine 4)

Meade requests in motion in limine 4 that the court bar the College from arguing that any due process violation was cured by the proceedings before Illinois Educational Labor Relations Board (IELRB). In denying the parties' cross-motions for summary judgment, this court already addressed this issue, stating that since the adequacy of post-termination process is tied to the adequacy of the pre-termination process, which in this case must be evaluated by the trier of fact, the post-termination process in this case is not sufficient to warrant an entry of summary judgment as a matter of law. (3/3/16 MO: 15). Meade has not shown that the court erred in its prior ruling. Therefore, Meade's motion in limine 4 is denied.

### E. Position as Union Official (Motion in Limine 5)

Meade requests in her motion in limine 5 that the court bar the College from arguing that her position as a union official deprived her of her right to free speech. The College indicates that it has never taken such a position and has never intended to make such an argument. (Resp. M5 7). Therefore, Meade's motion in limine 5 is denied as moot.

## II. College's Motions in Limine

The College has filed seven motions in limine.

A. First Amendment Speech (Motion in Limine 1)

The College requests in its motion in limine 1 that the court bar Meade from arguing to the jury that her speech in the Letter was protected by the First Amendment. The Seventh Circuit has made clear that "[t]he determination of whether speech is constitutionally protected is a question of law." *Kubiak v. City of Chicago*, 810 F.3d 476, 481 (7th Cir. 2016). Thus, in the instant action, the College is correct that whether or not Meade's speech was constitutionally protected is not an issue that will be adjudicated by the jury and the parties should not indicate to the jury that the jury will need to resolve such an issue. Meade argues that the Seventh Circuit already ruled on the appeal that Meade's speech was constitutionally protected and that Meade should be able to inform the jury. The Seventh Circuit made certain statements relating to this issue on appeal. For example, the Seventh Circuit stated that "it is difficult to see how any part of" the discussion in the Letter "could be considered purely personal to Meade, or of zero interest to the public." *Meade*, 770 F.3d at 685. The Seventh Circuit, however, made such statements after reviewing the limited record at the pleadings stage. The Seventh Circuit did not rule as a matter of law on the issue and that issue has not yet been resolved. Thus, the College is correct that the issue should not be brought before the jury and must still be determined by this court as a matter of law. Therefore, the College's motion in limine 1 is granted.

B.  Punishing the College or Teaching College a Lesson (Motion in Limine 2)

The College requests in its motion in limine 2 that the court bar Meade from suggesting that the jury punish the College or teach the College a lesson.  Meade indicates that she does not oppose the motion and will agree not to make such an argument.  (Resp. C2 1).  Therefore, the College's motion in limine 2 is granted.

C.  Procedural Due Process Issue (Motion in Limine 3)

The College requests in its motion in limine 3 that the court bar Meade from arguing that the procedures used by the College in connection with Meade's termination violated her procedural due process rights.  Meade argues that such an issue is for the jury to decide and that the Seventh Circuit has explicitly held so, citing to *Hunt v. Chicago Hous. Auth.*, 972 F.2d 351 (7th Cir. 1992).  Meade did not provide a page number with the citation, leaving the court to speculate as to what portion of *Hunt* Meade is relying upon in her brief.  *Hunt* is not on point and does not explicitly provide that a jury must determine whether or not the procedures were constitutionally sufficient.  The College is correct that while the jury can resolve certain factual issues, the ultimate determination as to whether the procedures were sufficient to pass constitutional muster is for the court to determine.  *See, e.g., Stauch v. City of Columbia Heights*, 212 F.3d 425, 431 (8th Cir. 2000)(stating that the "question of whether the procedural safeguards provided . . . [were] adequate to satisfy due process [wa]s a question of law for the court to determine").  Therefore, the College's motion in limine 3 is granted.

### D. Reference to IELRB Proceedings (Motion in Limine 4)

The College requests in its motion in limine 4 that the court bar Meade from making any reference to the decision of the IELRB, which is now on appeal. The College argues that informing the jury that the IELRB concluded that the College had committed an unfair labor practice would be overly prejudicial to the College. Whether or not the IELRB found in favor of Meade on certain labor issues is not relevant to this trial. To introduce the IELRB's decision to the jury would confuse the jury, and to the extent that Meade could show that such evidence has even marginal relevance in this case or could be properly admitted, such evidence is overly prejudicial to the College. Therefore, the College's motion in limine 4 is granted.

### E. Lost Wage Damages Claim Beyond Term (Motion in Limine 5)

The College requests in its motion in limine 5 that the court bar Meade from presenting any lost wage damage claims beyond the term of Meade's employment agreement. It is undisputed that the employment agreement in question for the 2013-14 academic year. Meade thus cannot properly seek lost wages beyond the term of that agreement. Meade argues that she expected to get contract extensions. However, that claim is mere speculation on Meade's part and the College would have not been under any legal obligation to extend Meade's contract. The issue before the court in this case is whether Meade's termination was proper in August 2013. Whether Meade should have received employment in future semesters under

other contracts does not fall within the scope of this case. Therefore, the College's motion in limine 5 is granted.

F.  Exclusion from Campus (Motion in Limine 6)

The College requests in its motion in limine 6 that the court bar Meade from arguing that after the termination of her employment, she was wrongfully excluded from the College campus. Meade argues that such alleged conduct is "further evidence of the damage inflicted upon Plaintiff by ddefendant [sic] officials, and [is] relevant to Plaintiff's claims for money damages. . . ." (Resp. C6 1). The College correctly points out that Meade cites no authority to indicate that she had a constitutional right to enter her former workplace after the termination of her employment. To the extent that Meade seeks a remedy for exclusion from the College campus at a later time, that is not a proper constitutional tort in this action. Therefore, the College's motion in  limine 6 is granted.

G.  Undisclosed Witnesses (Motion in Limine 7)

The College requests in its motion in limine 7 that the court bar Meade from introducing certain witnesses who were not properly disclosed during discovery. Meade has not filed an opposition to this motion. Therefore, the College's motion in limine 7 is granted.

## CONCLUSION

Based on the foregoing analysis, Meade's motions in limine are denied and the College's motions in limine are granted.

                                              _____
                                              Samuel Der-Yeghiayan
                                              United States District Court Judge

Dated:   October 6, 2016