IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Robin Meade | ) | Case No: 13 C 7950 |
| v. | ) | Judge Samuel Der-Yeghiayan |
| Moraine Valley Community College | ) | |

## ORDER

The court's summary judgment ruling is vacated. Plaintiffs' motion for summary judgment [39] is granted and Defendants' motion for summary judgment [41] is denied. Plaintiff's motion in limine 1, 2, 3, and 4 [71] and Defendant's motion in limine 1, 3 and 4 [72][74][75] are denied as moot. Defendant's motion in limine 6 [77] is denied.

## STATEMENT

This matter is before the court on Plaintiff Robin Meade's (Meade) motion for reconsideration. As Defendant Moraine Valley Community College (College) pointed out during the briefing on the motions in limine, Meade was essentially seeking to have this court revisit its prior summary judgment ruling. Even though the court on October 6, 2016, made certain in limine rulings, the court vacates in part its limine rulings and vacates its summary judgment ruling. The court construes Meade's motions in limine as a motion for reconsideration of the court's summary judgment ruling.

In regard to the First Amendment retaliation claims, the Seventh Circuit made it clear that the letter in question (Letter) involved a matter of public concern. The Seventh Circuit indicated that this court need only address the remaining two issues of "whether the speech was a substantial or motivating factor in the retaliatory action, and whether the defendant can show that it would have taken the same action without the existence of the protected speech." *Meade v. Moraine Valley Cmty. Coll.*, 770 F.3d 680, 686 (7th Cir. 2014). Subsequent to the Seventh Circuit's remand, the parties completed discovery and filed dispositive motions. The undisputed facts in this case clearly show that the Letter was the motivating factor behind the actions taken against Meade, and the College has not pointed to sufficient evidence for a reasonable trier of fact to conclude that the College would have taken the same action without the existence of the protected speech. The College admits that it took action against Meade because of her statements in the Letter. (R SAF Par. 13-14). The College has not pointed to other evidence showing that it had an alternative basis to terminate Meade's employment. To the extent that the College seeks to pursue other novel arguments and defenses in regard to the First Amendment claims, the College cannot circumvent the limited issues to be decided by this court

on remand. Therefore, Meade's motion for summary judgment on the issue of liability on the First Amendment retaliation claim is granted. Based on the court's finding, the court also amends its motion in limine ruling, in that, in limine motions by Meade numbers 1 and 2 are moot and in limine motions by the College number 1 is moot and number 6 is denied. Meade will be able to include her exclusion from campus as a basis for part of her First Amendment retaliation claim relating to damages, if any.

      In regard to the due process claim, the Seventh Circuit has found that Meade has shown that she has a protected property interest. Once again, after discovery and the filing of dispositive motions, the undisputed facts show that Meade did not waive any right to due process, and that she was not accorded a proper hearing. Meade justifiably declined to appear at a prospective hearing that did not afford Meade an opportunity to obtain counsel. The undisputed facts show that Meade was deprived of her protected interest and that the deprivation was done is a way that violated due process standards. The College has not pointed to sufficient evidence to show otherwise. In addition, the undisputed facts show that the later labor proceedings did not cure any due process violation. No reasonable trier of fact could find for the College on the due process claim. Therefore, Meade's motion for summary judgment on the issue of liability on the due process claim is granted. The court also amends its motion in limine and Meade's motion in limine 3 and 4, and the College's motion in limine 3 and 4 are denied as moot. In conclusion, the court amends its prior rulings in this case that are not consistent with this ruling. The court will address the remaining issues with the parties at the hearing set for October 19, 2016, and the parties should be prepared to address any remaining issues.

Date: 10/17/16

                                                                               Samuel Der-Yeghiayan
                                                                               United States District Court Judge